**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 7, 2003**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

**No. 02-31113**
**Summary Calendar**

**KENNETH E. DELCAMBRE,**

**Plaintiff-Appellant,**

**versus**

**WILLIAM R. WHITTINGTON, etc.; ET. AL.,**

**Defendants,**

**WILLIAM R. WHITTINGTON, individually & in his capacity as a law enforcement officer of the State of Louisiana, Louisiana State Police and Superintendent of the Louisiana State Police, Deputy Secretary of the State of Louisiana, Department of Public Safety & Corrections,**

**Defendant-Appellee.**

---

**Appeal from the United States District Court**
**for the Western District of Louisiana**
**(No. 00-CV-243)**

---

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges

PER CURIAM:[*]

One year after entering a guilty plea to a misdemeanor offense, Kenneth E. Delcambre filed this action against those

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involved with his prosecution, presenting state and federal claims. The district court dismissed this action, holding: the wrongful discharge and intentional interference claims were barred by prescription; the malicious prosecution claims, by the guilty plea. A Federal Rule of Civil Procedure 12(b)(6) dismissal is reviewed *de novo*. **Thompson v. Goetzmann**, 315 F.3d 457, 459 (5th Cir. 2002).

Delcambre maintains the claims are not time-barred. The termination of his employment, three years before filing this action, however, ends any continuous tort. *See* **Bustamento v. Tucker**, 607 So.2d 532, 542 (La. 1991). Further, Delcambre contends his 42 U.S.C. §1983 malicious prosecution claim is not barred by **Heck v. Humphrey**, 512 U.S. 477 (1994), because it was rendered invalid by a state tribunal. Though his conviction was expunged and an order of acquittal entered, expunction under La. Rev. Stat. Ann. § 44:9 does not render a prior conviction invalid.

*AFFIRMED*